USDC SDNY
DOCUMENT
ELECTRONICA...
#
APR 1 1 2008

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

IVAN A. MENDEZ JR.
Assistant Corporation Counsel
Room 2-184
Telephone: (212) 788-8688
Fax No.: (212) 788-0940
Email: imendez@law.nyc.gov

April 10, 2008

**By Facsimile Transmission**

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street, Rm. 755
New York, New York 10007

**MEMO ENDORSED**

Re: Hochstadt v. NYC Dep't. of Education, et al.,
Civil Action No. 08 Civ. 2420 (LTS)(HBP)
Law Dep't No. 2008-013245

Dear Judge Swain:

I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel for the City of New York, attorney for defendants the New York City Department of Education ("DOE"), and Joel Klein ("City Represented Defendants"), in the above referenced employment discrimination action. I write to respectfully request that the City Represented Defendants' time to respond to the Complaint be extended from April 17 to May 30, 2008. This is the City Represented Defendants' first request for an extension of time to respond to the Complaint, and plaintiff's counsel consents to this request. The requested extension will not affect any other scheduled dates. We also respectfully request that the time of defendants Dr. Eloise Messineo, Richard Weiss, Robert Nissen, and Donna LoPiccolo, all of whom are DOE employees, be similarly extended *sua sponte* by the Court.

City Represented Defendants request this extension of time to permit the Office of the Corporation Counsel to conduct an inquiry to determine whether to offer representation to the individual defendants, Messineo, Weiss, Nissen, and LoPiccolo. See General Municipal Law § 50(k); Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). If representation is offered then the individual defendants must determine whether to accept representation by this Office. See Dunton v. County of Suffolk, 729 F.2d 903 (2d Cir. 1984). Given the time involved in determining the representation of an employee, and in the interest of

HONORABLE LAURA TAYLOR SWAIN
United States District Judge
Hochstadt v. NYC Dep't. of Education, et al..
Civil Action No. 08 Civ. 2420 (LTS)(HBP)
April 10, 2008
Page 2 of 2

judicial economy, we would hope that the Court may extend the time to answer on behalf of all defendants.

It is therefore respectfully requested that the City Represented Defendants' time to respond to the complaint be extended, and that the Court, *sua sponte*, similarly extend defendants Messineo's, Weiss's, Nissen's and LoPiccolo's time to respond from April 17 to May 30, 2008.

We thank the Court for its consideration in this matter.

By: _____
Ivan A. Mendez, Jr.
Assistant Corporation Counsel

cc: JAMES R. SANDNER,
Attorney for Plaintiff
52 Broadway, 9th Floor
New York, New York 10007
Attn: Wendy M. Star
(By Facsimile Transmission)

The foregoing requests are granted.

SO ORDERED.

_____ 4/11/08
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE