UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

JOY HOCHSTADT,

                                                Plaintiff,

            -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
f/k/a BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK; and JOEL I.
KLEIN, as Chancellor of the CITY SCHOOL DISTRICT
OF THE CITY OF NEW YORK; Dr. ELOISE
MESSINEO, Individually and in her official capacity as
Principal of Louis D. Brandeis High School; RICHARD
WEISS, Individually and in his official capacity as
Assistant Principal of Louis D. Brandeis High School;
ROBERT NISSEN, Individually and in his official
capacity as Assistant Principal of Louis D. Brandeis High
School; and DONNA LOPICCOLO, Individually and in
her official capacity as Assistant Principal of Louis D.
Brandeis High School,

                                                Defendants.

------------------------------------------------------------------ X

**PRELIMINARY PRE-TRIAL STATEMENT**

08 Civ. 2420 (LTS)

       Pursuant to Rules 26 (f) of the Federal Rules of Civil Procedure and the Individual Practices of the Honorable Laura Taylor Swain, United States District Judge, the parties[1] hereby submit the following as their Preliminary Pre-Trial Statement:

(a) <u>Nature of Action</u>:

       Plaintiff brought this action pursuant to the Age Discrimination in Employment Act as amended ("ADEA"), 29 U.S.C. § 621 et seq., the New York State Human Rights Law ("State Human Rights Law"), New York Executive Law § 290 et seq., and the New York City Human Rights Law ("City Human Rights Law"), § 8-101 et seq. of the New York City Administrative Code, as well as the Equal Protection clause of the 14th Amendment, under 42 U.S.C. § 1983.

---

[1] Defendant Robert Nissen was served with the Amended Complaint on June 30, 2008. Corporation Counsel has not yet answered on his behalf.

- 1 -

The discriminatory actions alleged by the plaintiff include: unequal treatment with regards to scheduling, unequal treatment with regards to her performance evaluations, unfair disciplinary actions, and failure to accommodate her medical requests, creating a hostile and intolerable workplace in an attempt to force plaintiff to leave the school or enter into retirement. Plaintiff alleges that defendants discriminated against her because of her age. Plaintiff also alleges that defendants retaliated against her because of her opposition to the defendants' acts of age discrimination.

(b) <u>Jurisdiction</u>:

Plaintiff contends that this Court has jurisdiction over her federal claims pursuant to 28 U.S.C. §§ 1331 and 1334 (a)(3) and (4), as well as pursuant to 28 U.S.C. §§ 2201-02. This Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a).

(c) <u>Material Uncontested or Admitted Facts</u>

- Plaintiff was born on May 6, 1939.

- Plaintiff holds New York State teaching licenses in Biology and General Science, grades 7 through 12, Chemistry, grades 7 through 12, kindergarten, pre-kindergarten, and grades 1 through 6, New York State licenses for School Administrator/Supervisor, and School District Administrator, and New York City teaching licenses in Biology and General Science, Chemistry and General Science, Junior High School General Science, Common Branches, and pre-kindergarten.

- Defendant Joel I. Klein is the Chancellor of the Board of Education of the City School District of the City of New York, also known as the New York City Department of Education ("DOE").

- Defendant Dr. Eloise Messineo has been employed by the DOE from September, 1974 until present, and has been the Principal of Louis D. Brandeis High School ("LBHS"), from July 1, 2001 until present.

- Defendant Richard Weiss has been employed by the DOE from March, 1983 until present, and was an Assistant Principal at LBHS from August, 2004 until August, 2005.

- Defendant Robert Nissen was employed by the DOE from September 1, 1968 until July 7, 2007, and was an Assistant Principal at LBHS from February 1, 2002 until July 7, 2007.

- Defendant Donna LoPiccolo has been employed by the DOE from 1996 until present, and was an Assistant Principal at LBHS from September, 2005 until June, 2006.

- The DOE has employed plaintiff as a teacher from September 10, 1997 until present.

- Plaintiff was assigned to Lafayette High School in Brooklyn, New York, between September 10, 1997 and February 7, 2000.

- On or around December, 1999, plaintiff made a request to the DOE's Medical Bureau, to be transferred to a school that was closer to her home.

- Plaintiff's December, 1999 transfer request was granted by the DOE's Medical Bureau, and plaintiff was transferred to LBHS on February 8, 2000.

- Plaintiff took a leave of absence without pay from her DOE employment, from October 2, 2000, until September 7, 2004.

- Plaintiff resumed teaching at LBHS on September 9, 2004, at the start of the 2004-2005 school year.

- Plaintiff was rated as overall "Satisfactory" on her annual performance evaluations for the school years 1997-1998, 1998-1999, and 1999-2000.

- Plaintiff was formally observed, while at LBHS, on the following dates:
    - September 28, 2004;
    - October 21, 2004;
    - March 14, 2005;
    - May 25, 2005;
    - January 18, 2006;
    - March 3, 2006;
    - March 27, 2006;
    - May 17, 2006.

(d) <u>Uncontested Legal Issues:</u>

There are no uncontested legal issues.

(e) <u>Legal Issues to be Decided by the Court:</u>

1. Whether defendants discriminated against plaintiff on the basis of her age, in violation of the ADEA.

2. Whether defendants discriminated against plaintiff on the basis of her age in violation of the 14th Amendment's Equal Protection clause, reached via 42 U.S.C. § 1983.

3. Whether defendants discriminated against plaintiff on the basis of her age in violation of the State Human Rights Law.

4. Whether defendants discriminated against plaintiff on the basis of her age in

- 3 -

violation of the City Human Rights Law.

5. Whether defendants unlawfully retaliated against plaintiff for her opposition to the defendants' acts of discrimination, in violation of the ADEA, and the State and City Human Rights Laws.

6. Whether plaintiff's State and City Human Rights Laws claims are barred, in whole, or in part, due to plaintiff's failure to file a timely notice of claim pursuant to N.Y. Education Law § 3813.

7. Whether plaintiff's claims are barred, in whole, or in part, by the doctrines of issue or claim preclusion, in light of plaintiff unsuccessful litigation of a related action in New York State Supreme Court titled <u>Hochstadt v. City of New York, et al.</u>, Index No. 106430/07 (Sup. Ct. New York Co.).

8. Whether the actions of which plaintiff complaints created an objectively hostile work environment on the basis of plaintiff's age, in violation of the ADEA, and the State and City Human Rights Laws.

9. Whether a hostile work environment claim is actionable under the ADEA and the State Human Rights law.

10. Whether an age discrimination claim may be asserted under the 14th Amendment's Equal Protection clause, via 42 U.S.C. § 1983.

11. Whether the individually named defendants are immune from liability under the doctrine of qualified immunity.

12. Whether plaintiff's claims are time-barred.

13. Whether the Court lacks jurisdiction over certain of plaintiff's ADEA claims that were not presented to the EEOC.

(f) <u>Concise Statement of Disputed Facts</u>:

*Plaintiff's statement of material disputed facts is as follows*:

- Notwithstanding numerous requests by plaintiff to be scheduled within her license area, plaintiff was consistently assigned to special education classes. The schedule assigned to plaintiff and the constant schedule changes made by the defendants were designed to disadvantage her in the evaluation process. Unlike younger teachers, plaintiff's class preferences were ignored by defendants.

- Plaintiff was consistently observed in classes outside of her license area and at times of the school year which defendants knew of should have known disadvantaged plaintiff in the evaluation process. Further, the evaluations were not preceded by a pre-evaluation

conference, or followed by a post-observation conference, as is required by the collective bargaining agreement ("CBA") between the DOE and the United Federation of Teachers ("UFT").

- Plaintiff was disciplined for insubordination due to her alleged failure to follow a schedule change; yet a younger teacher was not disciplined for this same alleged misconduct.

- Plaintiff was repeatedly subjected to unannounced "walk-through" observations.

- Plaintiff was erroneously disciplined for lateness. Younger teachers who were erroneously alleged to be late were not disciplined.

- Notwithstanding defendants' knowledge that plaintiff suffered from a medical condition which affected her mobility, unlike younger teachers, plaintiff was given classrooms that were far apart from one another.

- Plaintiff was continuously questioned by the defendants as to when she intended to retire.

- Plaintiff was expressly admonished by defendants for not being able to stand the entire work day.

- Plaintiff was denied per-session (hourly) positions. These positions were offered to younger candidates although plaintiff was qualified for these positions.

- Plaintiff was erroneously disciplined for allegedly failing to supervise students even though she was not even present at the time of the alleged incident, yet a younger teacher who was present in the classroom at the time of the alleged incident was not disciplined.

- Plaintiff was rated "Unsatisfactory" on her annual evaluation reports in an attempt to force her to retire.

- Defendants preferred erroneous charges against plaintiff, resulting in her suspension from teaching and reassignment to the Regional Operations Center ("ROC"). This reassignment prevents plaintiff from advancing in her career during this suspension and employment in per-session activities.

- Defendants have threatened plaintiff with discipline in the form of salary deductions based on alleged lateness and absences from the ROC.

*Served Defendants' statement of material disputed facts is as follows:*

- Defendants dispute plaintiff's statement of disputed facts.

- Defendants respectfully refer the Court to their Answer to the Amended Complaint for defendants' statement of disputed facts, and to the following paragraphs:

- 5 -

- o Plaintiff did not engage in activity protected by the ADEA or the State or City Human Rights Laws, and did not oppose any allegedly discriminatory treatment.

- o All of the allegedly adverse actions of which plaintiff complaints were based on legitimate reasons and not on any of plaintiff's alleged protected characteristics or activity.

(g) <u>Concise Statement of Each Cause of Action Asserted:</u>

<u>First Cause of Action:</u>  Plaintiff alleges that her rights under the ADEA were violated when she was discriminated against based on her age and/or in retaliation to her opposition to the defendants' discriminatory actions. Plaintiff alleges that defendants intentionally and willfully began harassing her, subjecting her to unfair and abusive evaluation tactics, and initiating disciplinary charges, all of which created a hostile work environment. Additionally, defendants retaliated against her for opposing their acts of discrimination.

<u>Second Cause of Action:</u>  Plaintiff alleges that the defendants' acts of discrimination and retaliation, as stated above, violated the State Human Rights Law.

<u>Third Cause of Action:</u>  Plaintiff alleges that the defendants' acts of discrimination and retaliation, as stated above, violated the City Human Rights Law.

<u>Fourth Cause of Action:</u>  Plaintiff alleges that the defendants' acts of discrimination and retaliation violated her 14th Amendment right to equal protection of the laws, under 42 U.S.C. § 1983, when the defendants intentionally discriminated against her based on her age and retaliated against her for opposing said age discrimination.

(h) <u>Concise Statement of Defenses</u>

<u>First Defense:</u>  Plaintiff's fails to state a claim of discrimination on the basis of her age or retaliation for engaging in any protected activity. Plaintiff cannot establish a <u>prima facie</u> case of discrimination or retaliation, and plaintiff will not be able to show that the defendants' legitimate reasons are a pretext for unlawful discrimination or retaliation. A claim of age discrimination is not cognizable under 42 U.S.C. § 1983. A claim of hostile work environment is not available under the ADEA because under that statute plaintiff cannot

- 6 -

|  |  |
|---|---|
|  | recover emotional damages. See Grey v. United Technologies, 1998 U.S. App. LEXIS 22522 (2d Cir.), cert. denied, 525 U.S. 879 (1998). Even if such a claim were available, the allegations in the complaint fail to establish an objectively hostile work environment on the basis of plaintiff's age. |
| Second Defense: | This Court may lack jurisdiction over those of plaintiff's claims which were not presented to the Equal Employment Opportunity Commission ("EEOC") within the statutory period of 300 days, and which are not reasonably related to her exhausted claims. |
| Third Defense: | The Amended Complaint is barred, in whole or in part, by the doctrines of claim preclusion, issue preclusion, *res judicata*, collateral estoppel, judicial estoppel or any combination of these doctrines, due to plaintiff's unsuccessful litigation of a related action, Hochstadt v. City of New York, et al., Index No. 106430/07 (Sup. Ct. New York Co.). |
| Fourth Defense: | The individual defendants are protected from suit by the doctrines of absolute immunity, qualified immunity, common law immunity, or any combination of these doctrines with respect to plaintiffs' claims under 42 U.S.C. § 1983 because (a) the defendants have not violated any rights of which a reasonable person would have been aware, and (b) it was objectively reasonable for the defendants to have believed that their actions were lawful and proper. See, e.g. Lennon v. Miller, 66 F.3d 416, 423 (2d Cir. 1995). |
| Fifth Defense: | The Amended Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision, and punitive damages are not available under the ADEA, and the State Human Rights Law. See Brennan v. City of White Plains, 67 F. Supp. 2d 362, 378 (S.D.N.Y. 1999)(No punitive damages under State Human Rights Law); Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 147 (2d Cir. 1984) (No punitive damages under the ADEA); SJB v. New York City Dep't of Educ., No. 03 CV6653, 2004 U.S. Dist. LEXIS 13227, at *25-26 (S.D.N.Y. July 14, 2004)(punitive damages not available against New York City Department of Education). |

| | |
|---|---|
| Sixth Defense: | Upon information and belief, plaintiff failed, in whole or in part, to mitigate damages. |
| Seventh Defense: | The Amended Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both. Plaintiff's claims pursuant to the State and City Human Rights Law are barred due to plaintiff's failure to file a timely notice of claim. See Falchenberg v. New York City Dep't of Educ., 375 F. Supp. 2d 344, 350-51 (S.D.N.Y. 2005)(failure to file notice of claim pursuant to N.Y. Education Law § 3813 fatal to plaintiff's claims under the State and City Human Rights Laws). |
| Eighth Defense: | The Amended Complaint is barred, in whole or in part, by the applicable statute of limitations. Plaintiff's State and City Human Rights Law Claims against the DOE and its employees are subject to a 1 year statute of limitations, and plaintiff's claims accrued more than one year ago. See N.Y. Education Law § 3813 (2-b); Amorosi v. South Colonie Ind. Cent. School Dist., 9 N.Y.3d 367 (2007). |
| Ninth Defense: | Individual defendants are not subject to suit under the ADEA and, thus, these claims must be dismissed as against any individually named defendant. See Naftchi v. New York Univ., 14 F. Supp. 2d 473, 492 n.15 (S.D.N.Y. 1998). |
| Tenth Defense: | Plaintiff's claims under the State and City Human Rights Law may be barred due to the doctrine of election of remedies. |

(I) Measure and Burden of Proof:

Claims brought pursuant to the ADEA are analyzed under the burden-shifting analysis applicable to Title VII claims. See Woodman v. WWOR-TV, Inc., 411 F.3d 69, 76 (2d Cir. 2005). Under that rubric, in order to establish a prima facie case of age discrimination a plaintiff must demonstrate that: (1) she was within the protected age class, (2) she was qualified for the employment, (3) she was subjected to an adverse employment decision, and (4) the adverse action occurred under circumstances that give rise to an inference of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

"Once the plaintiff establishes this 'minimal' prima facie case, even without evidence of discrimination, the plaintiff 'creates a presumption that the employer discriminated, and thus places the burden or production on the employer to proffer a nondiscriminatory reason for its action.'" See James v. New York Racing Ass'n, 233 F.3d 149, 154 (2d Cir. 2000) (quoting Fisher v. Vassar College, 114 F.3d 1332, 1335 (2d Cir. 1997)). Thus, a plaintiff who

- 8 -

establishes a prima facie case is "entitled to prevail as a matter of law even without evidence that would support a reasonable finding of discriminatory motive, if the employer does not come forward with a reason." Id. Once the defendant is able to provide a nondiscriminatory reason, the burden once again shifts to the plaintiff to point to "evidence that reasonably supports a finding of prohibited discrimination." Id.

With respect to retaliation, plaintiff must first establish a prima facie case by showing that "(1) the plaintiff was engaged in an activity protected under the ADEA; (2) the employer was aware of the plaintiff's participation in the protected activity; (3) the plaintiff was subject to an adverse employment action; and (4) there is a nexus between the protected activity and the adverse action taken." Wanamaker v. Columbian Rope Co., 108 F.3d 462, 465 (2d Cir. 1997).

"If the plaintiff meets this burden and the defendant then points to evidence of a legitimate, nonretaliatory reason for the challenged employment decision, the plaintiff must point to evidence that would be sufficient to permit a rational factfinder to conclude that the employer's explanation is merely a pretext for impermissible retaliation." Cifra v. GE, 252 F.3d 205, 216 (2d Cir. 2001).

Finally, plaintiff claims of discrimination under the State and City Human Rights Laws, and under 42 U.S.C. § 1983 are analyzed under the same rubric as her ADEA claims. See See Grant v. Wallingford Board of Education, 195 F.3d 134, 146 (2d Cir. 1999); Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 95 (2d Cir. 1999). See Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir. 2001), cert. denied, 534 U.S. 993 (2001) (age discrimination suit under State Human Rights Law has same analysis as applicable to the ADEA); Wanamaker v. Columbian Rope Company, et al., 108 F.3d 462, 467 (2d Cir. 1997).

(j) Amendment to the Pleadings:

Thirty days from date of the initial conference to amend without leave of the Court.

(k) Consent to Trial by a Magistrate Judge:

The parties do not consent to trial by Magistrate Judge Henry B. Pitman.

(l) Initial Disclosures:

Initial disclosures have already been exchanged by the parties.

(m) Discovery Plan:

The parties agree to conduct discovery as follows:

*Fact Discovery*

  (a)  Service of First Set of Interrogatories and Request for Documents shall be made no later than August 11, 2008.

  (b)  Responses to the First Set of Interrogatories and Request for Documents shall be made no later than October 10, 2008.

  (c)  Plaintiff intends to request disclosures including, but not limited to, all documents concerning plaintiff's employment with the DOE, as well as documents related to plaintiff's claims that defendants treated younger teachers differently with respect to such issues as class schedule, class location and discipline.

  (d)  Defendants intend to request tax, medical, and employment authorizations from plaintiff. Defendants also intend to ask plaintiff for documents which plaintiff alleges support her claims or refute the defendants' defenses.

*Depositions*

  (a)  Depositions of fact witnesses shall be completed by the close of fact discovery, by March 11, 2009.

  (b)  Plaintiffs anticipate taking, at the very least, six (6) depositions, which would include each individual defendant, as well as the depositions of any experts on which defendants intend to rely.

  (c)  Defendants anticipate taking, at the very least, the deposition of the plaintiff, as well as any experts plaintiff intends to rely on, or witnesses to plaintiff's alleged damages.

(n) <u>Expert Discovery</u>:

  At this time the parties do not intend to conduct any expert discovery; however, the parties will revisit this issue up to and until the close of fact discovery.

(o) <u>Changes or Limitations on Discovery</u>:

  The parties shall provide the Court with a Proposed Stipulation and Protective Order concerning the disclosure of information which defendants deem confidential, no later than two weeks following the initial conference.

(p) <u>Settlement and Mediation</u>:

  The parties have not agreed on a settlement of this action, but they have had

settlement discussions. The parties are not interested in mediation at this time.

(q) <u>Trial</u>:

Plaintiff requested a jury trial.

(r) <u>Other Orders That Should Be Entered</u>:

None at this time.

Dated:    New York, New York
          June 30, 2008

| | |
|---|---|
| **JAMES R. SANDNER**<br>Attorney for Plaintiff<br>52 Broadway, 9th Floor<br>New York, New York 10004<br>(212) 533-6300<br>wstar@nysutmail.org | **MICHAEL A. CARDOZO**<br>Corporation Counsel of the<br>  City of New York<br>Attorney for Served Defendants<br>100 Church Street, Room 2-184<br>New York, New York 10007-2601<br>(212) 788-8688<br>imendez@law.nyc.gov |
| By: _/s/ Wendy M. Star_<br>     Wendy M. Star | By: _/s/ Ivan A. Mendez Jr._<br>     Ivan A. Mendez Jr.<br>     Assistant Corporation Counsel |

**SO ORDERED:**

_____          _____
        Date                                      U.S.D.J.

- 11 -