UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

JOY HOCHSTADT,

                                      Plaintiff,

                -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
f/k/a BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK; and JOEL I.
KLEIN, as Chancellor of the CITY SCHOOL DISTRICT
OF THE CITY OF NEW YORK; Dr. ELOISE
MESSINEO, Individually and in her official capacity as
Principal of Louis D. Brandeis High School; RICHARD
WEISS, Individually and in his official capacity as
Assistant Principal of Louis D. Brandeis High School;
ROBERT NISSEN, Individually and in his official
capacity as Assistant Principal of Louis D. Brandeis High
School; and DONNA LOPICCOLO, Individually and in
her official capacity as Assistant Principal of Louis D.
Brandeis High School,

                                  Defendants.

------------------------------------------------------------------------ X

**ROBERT NISSEN'S**
**ANSWER TO THE**
**<u>AMENDED COMPLAINT</u>**

08 Civ. 2420 (LTS)

       Defendant, Robert Nissen[1], by his attorney, Michael A. Cardozo, Corporation

Counsel of the City of  New York, for his answer to the Amended Complaint, respectfully

alleges as follows:

          1.     Denies the allegations set forth in paragraph "1" of the Amended

Complaint, except admits that plaintiff purports to proceed as set forth therein.

---

[1] Defendants, the New York City Department of Education, Joel I. Klein, Dr. Eloise Messineo,
Richard Weiss, and Donna LoPiccolo answered the Amended Complaint on June 24, 2008
[Docket # 31].

2.      Denies the allegations set forth in paragraph "2" of the Amended Complaint, except admits that plaintiff is employed by the DOE, as a teacher, and that plaintiff purports to seek the relief set forth therein.

3.      Denies the allegations set forth in paragraph "3" of the Amended Complaint, except admits that plaintiff purports to set forth the basis of jurisdiction, as set forth therein.

4.      Denies the allegations set forth in paragraph "4" of the Amended Complaint, except admits that plaintiff purports to set forth the basis of jurisdiction, as set forth therein.

5.      Denies the allegations set forth in paragraph "5" of the Amended Complaint, except admits that plaintiff purports to set forth the basis of jurisdiction, as set forth therein.

6.      Paragraph "6" of the Amended Complaint consists solely of legal conclusions to which no response is necessary.  In the event that this paragraph is found to assert allegations of fact, the defendant Nissen denies those allegations.

7.      Denies the allegations set forth in paragraph "7" of the Amended Complaint, except admits that the DOE maintains an office at 52 Chambers St., New York, New York, and that plaintiff purports to set forth the basis of venue, as set forth therein.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Amended Complaint.

9.      Denies the allegations set forth in paragraph "9" of the Amended Complaint, except admits that the DOE is a board duly organized and existing under the New York Education Law, and respectfully refers the Court to Article 52-A of the New York

Education Law for a complete and accurate description of the powers, duties, and responsibilities of the DOE.

10.     Denies the allegations set forth in paragraph "10" of the Amended Complaint, except admits that Joel I. Klein is the Chancellor of the DOE, and respectfully refers the court to New York Education Law § 2590-h, for a complete and accurate description of the powers, duties, and responsibilities of Chancellor Klein.

11.     Denies the allegations set forth in paragraph "11" of the Amended Complaint, except admits that defendant Messineo has been employed by the DOE from September, 1974 until present, and has been the Principal of Louis D. Brandeis High School ("LBHS"), from July 1, 2001 until present.

12.     Denies the allegations set forth in paragraph "12" of the Amended Complaint, except admits that defendant Weiss has been employed by the DOE from March, 1983 until present, and that he was an Assistant Principal at LBHS from August, 2004 until August, 2005.

13.     Denies the allegations set forth in paragraph "13" of the Amended Complaint, except admits that defendant Nissen was employed by the DOE from September 1, 2008 until July 7, 2007, and that he was an Assistant Principal at LBHS from February 1, 2002 until July 7, 2007.

14.     Denies the allegations set forth in paragraph "14" of the Amended Complaint, except admits that defendant LoPiccolo has been employed by the DOE from 1996 until present, and that she was an Assistant Principal at LBHS from September, 2005 until June, 2006.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Amended Complaint, except admits that plaintiff began working for the DOE as a provisional teacher on September 10, 1997.

16.     Admits that plaintiff holds New York State teaching licenses in Biology and General Science, grades 7 through 12, Chemistry, grades 7 through 12, kindergarten, pre-kindergarten, and grades 1 through 6.

17.     Admits that plaintiff holds New York City teaching licenses in Biology and General Science, Chemistry and General Science, Junior High School General Science, Common Branches, and pre-kindergarten.

18.     Admits that plaintiff holds New York State licenses for School Administrator/Supervisor, and School District Administrator.

19.     Admits that on September 10, 1997 plaintiff began working for the DOE as a provisional teacher.

20.     Admits that on September 8, 1998 plaintiff was appointed by the DOE as a probationary teacher.

21.     Admits that plaintiff was working for the DOE, and assigned to Lafayette High School in Brooklyn, New York, between September 10, 1997 and February 7, 2000.

22.     Denies the allegations set forth in paragraph "22" of the Amended Complaint, except admits that plaintiff completed her probationary period and achieved tenured status on or about September, 2000.

23.     Admits that on or around December, 1999, plaintiff made a request to the DOE's Medical Bureau, to be transferred to a school that was closer to her home.

24.     Admits that plaintiff's December, 1999 transfer request was granted by the DOE's Medical Bureau, and that plaintiff was transferred to LBHS on February 8, 2000.

25.     Admits that plaintiff was rated "Satisfactory" on her annual performance evaluations for the school years 1997-1998, 1998-1999, and 1999-2000.

26.     Admits that plaintiff took a leave of absence without pay from her DOE employment, from October 2, 2000, until September 7, 2004.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Amended Complaint, except admits that defendant Messineo received a letter from plaintiff dated August 19, 2004 concerning plaintiff's desire to return to work at LBHS, and respectfully refers the Court to a copy of that letter for a complete and accurate description of its contents.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Amended Complaint, except admits that on or about August or September, 2004, Min Choi and Alan Weinstein spoke to plaintiff concerning plaintiff's intent to return to work at LBHS.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Amended Complaint.

30.     Denies the allegations set forth in paragraph "30" of the Amended Complaint, except admits that defendant Nissen was responsible for making hiring recommendations to defendant Messineo, and that defendant Messineo informed plaintiff that there was no such thing as tenure in a particular school assignment.

31.     Denies the allegations set forth in paragraph "31" of the Amended Complaint, except admits that given plaintiff's four-year leave of absence without pay for

"Restoration of Health", plaintiff was required by the DOE to undergo a medical examination prior to returning to work, in order to determine her fitness for duty.

32.    Denies the allegations set forth in paragraph "32" of the Amended Complaint, except admits that plaintiff was found to be "fit for duty" by the DOE's Medical Bureau on September 9, 2004, and that she returned to work at LBHS on that same day.

33.    Denies the allegations set forth in paragraph "33" of the Amended Complaint, except admits that plaintiff received her class schedule on her first day of work at LBHS, and that defendant Nissen coordinated teachers' schedules in conjunction with the Assistant Principals in each respective department.

34.    Admits that plaintiff's first schedule for the Fall, 2004 semester consisted of two Earth Science classes, one Living Environment class, one Special Education Living Environment class, together with the laboratory sections for these classes.

35.    Denies the allegations set forth in paragraph "35" of the Amended Complaint, except denies knowledge or information sufficient to form a belief concerning plaintiff's teaching experience prior to her employment with the DOE.

36.    Denies the premise of, and the allegations set forth in paragraph "36" of the Amended Complaint.

37.    Admits that defendant Weiss advised plaintiff shortly after she returned to LBHS, that he would take over teaching her laboratory classes, and that plaintiff would instead teach an additional Living Environment class.

38.    Admits that the classes plaintiff was first assigned at LBHS in the Fall, 2004 culminated in New York State Regents examinations.

39.     Admits that with the addition of one more Living Environment class, plaintiff was assigned to teach five classes culminating in New York State Regents examinations, in the Fall, 2004 semester.

40.     Denies the allegations set forth in paragraph "40" of the Amended Complaint.

41.     Denies the allegations set forth in paragraph "41" of the Amended Complaint, except admits that plaintiff was initially assigned to teach four periods in a row, that shortly thereafter plaintiff was instructed to switch a class with a colleague in order to avoid teaching four periods in a row, and that plaintiff is and was a member of the United Federation of Teachers ("UFT"), and respectfully refers the Court to the letter cited therein, and to a copy of the Collective Bargaining Agreement existing between the DOE, and the UFT, for a complete and accurate description of his contents.

42.     Denies the allegations set forth in paragraph "42" of the Amended Complaint, except admits that in September, 2004, plaintiff and defendant Nissen discussed plaintiff's schedule.

43.     Denies the allegations set forth in paragraph "43" of the Amended Complaint, except admits that on September 22, 2004, defendant Weiss provided plaintiff with a new class schedule, that the purpose of providing plaintiff with a new schedule was to relieve plaintiff from having to teach four periods in a row, and that he instructed plaintiff that as part of her new schedule, she was required to switch one class with another teacher, Stella Porras.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Amended Complaint, except admits that plaintiff did not, and does not hold a license in Special Education.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Amended Complaint, except admits that plaintiff requested that defendant Weiss permit her to continue teaching four periods in a row, and that defendant Weiss advised her that she was to follow the new schedule, denies that defendant Weiss told plaintiff he would discuss her schedule with defendant Messineo, and respectfully refers the Court to the letter cited therein for a complete and accurate statement of its contents.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Amended Complaint, except admits that plaintiff ignored the schedule that defendant Weiss gave her and continued teaching four periods in a row in direct contravention of defendant Weiss's instructions.

47.     Denies the allegations set forth in paragraph "47" of the Amended Complaint, except admits that plaintiff failed to adhere to the schedule she was given by defendant Weiss, and that as a result of plaintiff's insubordination, plaintiff was issued a letter of reprimand, and respectfully refers the Court to a copy of that letter for a complete and accurate statement of its contents.

48.     Denies the allegations set forth in paragraph "48" of the Amended Complaint, except admits that Stella Porras is younger than plaintiff.

49.     Admits that defendant Weiss formally observed plaintiff's class on September 28, 2004.

50.     Denies the allegations set forth in paragraph "50" of the Amended Complaint, except admits that defendant Weiss did not conduct a formal pre-observation conference with plaintiff prior to observing her class on September 28, 2004, and respectfully

refers the Court to the Collective Bargaining Agreement existing between the DOE, and plaintiff's union, the UFT, for a complete and accurate description of its contents.

51.    Denies the allegations set forth in paragraph "51" of the Amended Complaint.

52.    Admits that defendant Weiss formally observed plaintiff's class on October 21, 2004.

53.    Denies the allegations set forth in paragraph "53" of the Amended Complaint, except admits that defendant Weiss held a pre-observation conference with plaintiff on October 19, 2004.

54.    Admits that on or about November 16, 2004, plaintiff submitted a written rebuttal concerning her October 21, 2004 observation.

55.    Denies the allegations set forth in paragraph "55" of the Amended Complaint, except admits that defendant Weiss informally observed plaintiff's class on several occasions during the 2004-2005 school year, and that he sometimes took notes concerning these observations.

56.    Denies the allegations set forth in paragraph "56" of the Amended Complaint, except admits that defendant Messineo informally observed plaintiff's class on several occasions during the 2004-2005 school year.

57.    Denies the allegations set forth in paragraph "57" of the Amended Complaint.

58.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Amended Complaint, except admits that defendant Weiss monitored the hallways of LBHS during the 2004-2005 school year, that he

noted when teachers arrived late to class, and that during a brief period of time at the beginning of the 2004-2005 school year, he was mistaken as to when the first bell of the school day rang.

59.     Denies the allegations set forth on paragraph "59" of the Amended Complaint, except admits that plaintiff was issued a letter of reprimand on November 20, 2004 for being late to class on five occasions between October 20, and November 18, 2004.

60.     Denies the premise of, and the allegations set forth in paragraph "60" of the Amended Complaint.

61.     Admits that at the conclusion of the Fall, 2004 school semester, the LBHS administration distributed preference sheets to all of the teaching staff, and that the purpose of these sheets was to allow teachers to indicate which classes they wanted to teach the following semester.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Amended Complaint, except admits that plaintiff indicated on her preference sheet that she wished to teach advanced and honors classes in Life Science and Chemistry, and that she requested not to be assigned any Special Education classes, and respectfully refers the Court to the documents cited therein for a complete and accurate description of his contents.

63.     Denies the allegations set forth in paragraph "63" of the Amended Complaint, except admits that plaintiff's Spring, 2004 schedule consisted of all Special Education classes, and denies knowledge or information sufficient to form a belief concerning plaintiff's teaching experience prior to her employment with the DOE.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Amended Complaint.

65.    Denies the allegations set forth in paragraph "65" of the Amended Complaint, except admits that defendant Nissen coordinated teachers' schedules in conjunction with the Assistant Principals in each respective department.

66.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Amended Complaint, except admits that all of plaintiff's classes during the Spring, 2004 semester were located on the same floor.

67.    Denies the allegations set forth in paragraph "67" of the Amended Complaint.

68.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Amended Complaint.

69.    Denies the allegations set forth in paragraph "69" of the Amended Complaint, except admits that defendant Messineo advised her teaching staff that it was important for teachers to circulate within the classroom during a lesson in order to make sure that students are engaged.

70.    Denies the allegations set forth in paragraph "70" of the Amended Complaint, except admits that plaintiff's class was formally observed by defendants Weiss, Messineo, and by Carl Raab[2], on March 14, 2005, that defendant Weiss issued plaintiff an observation report concerning the March 14th observation, that the report was dated March 29, 2005, and that there were only two students in attendance in the class that was observed on March 14th.

---

[2] Carl Raab is mistakenly referred to throughout the Amended Complaint as "Carl Rav."

71.    Denies the allegations set forth in paragraph "71" of the Amended Complaint, and respectfully refers the Court to the document cited therein for a complete and accurate statement of its contents.

72.    Admits that on April 13, 2005, plaintiff submitted a written rebuttal to defendant Weiss's March 29, 2005 observation report.

73.    Denies the allegations set forth in paragraph "73" of the Amended Complaint, except admits that defendant Weiss held a pre-observation conference with plaintiff prior to observing one of her classes on March 14, 2005.

74.    Denies the allegations set forth in paragraph "74" of the Amended Complaint, except admits that on May 25, 2005, Sheldon Young, a representative of the Regional DOE Superintendent, formally observed one of plaintiff's classes and, after observing plaintiff's class and reviewing plaintiff's file, concurred with defendant Messineo's opinion that plaintiff should receive an unsatisfactory performance evaluation for the 2004-2005 school year, and respectfully refers the Court to the document cited therein for a complete and accurate statement of its contents.

75.    Denies the allegations set forth in paragraph "75" of the Amended Complaint.

76.    Denies the allegations set forth in paragraph "76" of the Amended Complaint, except denies knowledge or information sufficient to form a belief concerning plaintiff's allegation that defendants Messineo, and Weiss, and Mr. Young, did not observe one of plaintiff's "non-repeater" classes.

77.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Amended Complaint, except admits that on

or about June, 2005, plaintiff placed copies of a memorandum entitled "Suggestions for improvement of student attitude, conduct and performance at Brandeis" in the mailboxes of all LBHS personnel, and respectfully refers the Court to that memorandum for a complete and accurate description of its contents.

78.    Admits that teachers are not permitted to distribute materials in staff mailboxes that have not been approved by the Principal of LBHS, and that plaintiff was verbally admonished for failing to abide by this policy.

79.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Amended Complaint, except admits that plaintiff was verbally admonished for distributing unauthorized materials in staff mailboxes.

80.    Denies the allegations set forth in paragraph "80" of the Amended Complaint.

81.    Denies the allegations set forth in paragraph "81" of the Amended Complaint, except admits that in June, 2005, plaintiff was summoned to a meeting by defendant Weiss, and that the purpose of this meeting was to discuss the fact that plaintiff was observed by defendant Weiss sitting and using a laptop computer during the administration of a New York State Regents examination.

82.    Denies the allegations set forth in paragraph "82" of the Amended Complaint, except admits that by letter, dated June 22, 2005, defendant Weiss admonished plaintiff for improperly proctoring the New York State Regents examination, and respectfully refers the Court to a copy of that letter for a complete and accurate statement of its contents.

83.    Denies the allegations set forth in paragraph "83" of the Amended Complaint.

84.     Denies the allegations set forth in paragraph "84" of the Amended Complaint, except admits that plaintiff was rated "unsatisfactory" on her 2004-2005 annual performance evaluation, that plaintiff's evaluation was dated June 20, 2005, and that plaintiff signed it on June 27, 2005.

85.     Denies the allegations set forth in paragraph "85" of the Amended Complaint.

86.     Denies the allegations set forth in paragraph "86" of the Amended Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Amended Complaint.

88.     Denies the allegations set forth in paragraph "88" of the Amended Complaint.

89.     Admits that towards the end of the Spring, 2005 semester, plaintiff submitted a preference sheet indicating the classes she wanted to teach in the Fall of 2005, and that plaintiff requested to teach non-special education advanced classes.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Amended Complaint, except admits that plaintiff's schedule for the Fall, 2005 semester consisted of all special education classes.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the Amended Complaint.

92.     Denies the allegations set forth in paragraph "92" of the Amended Complaint.

93.     Denies the allegations set forth in paragraph "93" of the Amended Complaint, except admits that plaintiff was not selected to participate in the "twilight school" program in the Fall of 2005.

94.     Denies the allegations set forth in paragraph "94" of the Amended Complaint, except admits that defendant LoPiccolo formally observed one of plaintiff's classes on January 18, 2006.

95.     Denies the allegations set forth in paragraph "95" of the Amended Complaint, except admits that defendant LoPiccolo did not hold a formal pre-observation conference with plaintiff prior to observing her class on January 18, 2008, and respectfully refers the Court to the collective bargaining agreement existing between the DOE and the UFT, for a complete and accurate description of its contents.

96.     Admits that plaintiff submitted a written rebuttal to the report concerning the January 18, 2008 classroom observation performed by defendant LoPiccolo.

97.     Denies the allegations set forth in paragraph "97" of the Amended Complaint, except admits that Carl Raab is a retired DOE Assistant Principal, that he mentored defendant LoPiccolo during the 2005-2006 school year, and that he sometimes was present when defendant LoPiccolo and plaintiff met for post-observation conferences.

98.     Denies the allegations set forth in paragraph "98" of the Amended Complaint.

99.     Denies the allegations set forth in paragraph "99"  of the Amended Complaint.

100.     Denies the allegations set forth in paragraph "100" of the Amended Complaint.

101.    Denies the allegations set forth in paragraph "101" of the Amended Complaint, except admits that defendant LoPiccolo assigned plaintiff her schedule for the Spring of 2006.

102.    Denies the allegations set forth in paragraph "102" of the Amended Complaint, except admits that defendant LoPiccolo formally observed one of plaintiff's classes on March 6, 2006, and that the class defendant LoPiccolo observed was a laboratory period.

103.    Denies the allegations set forth in paragraph "103" of the Amended Complaint.

104.    Denies the allegations set forth in paragraph "104" of the Amended Complaint, except admits that defendants LoPiccolo and Messineo formally observed one of plaintiff's classes on March 27, 2006.

105.    Denies the allegations set forth in paragraph "105" of the Amended Complaint, except admits that defendants Messineo and LoPiccolo did not conduct a formal pre-observation conference with plaintiff prior to observing her class on March 27, 2006.

106.    Denies the allegations set forth in paragraph "106" of the Amended Complaint, except admits that Sheldon Young, a representative of the Regional DOE Superintendent observed one of plaintiff's classes on May 17, 2006.

107.    Denies the allegations set forth in paragraph "107" of the Amended Complaint, except admits that Mr. Young concurred with defendant Messineo's assessment that plaintiff's performance during the 2005-2006 school year was unsatisfactory.

108.    Denies the allegations set forth in paragraph "108" of the Amended Complaint, except admits that defendant LoPiccolo issued plaintiff a letter of reprimand dated May 25, 2008 concerning, among other things, plaintiff's failure to properly supervise her

students, and respectfully refers the Court to that letter for a complete and accurate statement of its contents.

109.    Denies the allegations set forth in paragraph "109" of the Amended Complaint, except admits that plaintiff was rated "unsatisfactory" on her 2005-2006 annual performance evaluation, that plaintiff's evaluation was dated June 21, 2006, and that plaintiff signed for this evaluation on June 27, 2006.

110.    Denies the allegations set forth in paragraph "110" of the Amended Complaint, except admits that plaintiff reported to LBHS on August 31, 2006, that she was asked by defendant Nissen if she had received notice to report to the DOE's Manhattan Regional Operations Center, that plaintiff stated she had not, and that defendant Nissen thereafter advised her that she was excused and should go home.

111.    Admits that on September 1, 2006, plaintiff was instructed to report to the DOE's Manhattan Regional Operations center on the Tuesday following the Labor Day weekend.

112.    Denies the allegations set forth in paragraph "112" of the Amended Complaint.

113.    Denies the allegations set forth in paragraph "113" of the Amended Complaint.

114.    Denies the allegations set forth in paragraph "114" of the Amended Complaint.

115.    Denies the allegations set forth in paragraph "115" of the Amended Complaint.

116.    Denies the allegations set forth in paragraph "116" of the Amended Complaint.

117.    Denies the allegations set forth in paragraph "117" of the Amended Complaint.

118.    Denies the allegations set forth in paragraph "118" of the Amended Complaint, except admits that a charge of discrimination was filed on the plaintiff's behalf by the UFT.

119.    Denies the allegations set forth in paragraph "119" of the Amended Complaint.

120.    Denies the allegations set forth in paragraph "120" of the Amended Complaint.

121.    Denies the allegations set forth in paragraph "121" of the Amended Complaint.

122.    Denies the allegations set forth in paragraph "122" of the Amended Complaint.

123.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the Amended Complaint, except admits that the EEOC issued a right to sue letter dated December 11, 2007.

124.    Denies the allegations set forth in paragraph "124" of the Amended Complaint.

125.    Denies the allegations set forth in paragraph "125" of the Amended Complaint.

126.    Denies the allegations set forth in paragraph "126" of the Amended Complaint.

127.    Denies the allegations set forth in paragraph "127" of the Amended Complaint, except admits that on or about March 28, 2008, plaintiff was served with a letter from defendant Messineo that was dated March 25, 2008, and respectfully refers the Court to a copy of that letter for a complete and accurate statement of its contents.

128.    Denies the allegations set forth in paragraph "128" of the Amended Complaint, and respectfully refers the Court to the letter cited therein for a complete and accurate statement of its contents.

129.    Denies the allegations set forth in paragraph "129" of the Amended Complaint, and respectfully refers the Court to the letter cited therein for a complete and accurate statement of its contents.

130.    Denies the allegations set forth in paragraph "130" of the Amended Complaint.

131.    Admits that plaintiff was asked to attend a meeting with defendant Messineo to be held on April 8, 2008 at 8:00 a.m.

132.    Denies the allegations set forth in paragraph "132" of the Amended Complaint, except admits that the purpose of the April 8th meeting was partly to discuss plaintiff's continued time and leave abuse.

133.    Denies the allegations set forth in paragraph "133" of the Amended Complaint, except admits that counsel for defendant Nissen informed plaintiff that the April 8th meeting with defendant Messineo was cancelled.

134.    Denies the allegations set forth in paragraph "134" of the Amended Complaint.

135.    In response to paragraph "135" of the Amended Complaint, defendant Nissen repeats and re-alleges his responses to paragraphs "1," through "134," of the Amended Complaint as if fully set forth here.

136.    Paragraph "136" of the Amended Complaint consists solely of legal conclusions to which no response is necessary.  In the event that this paragraph is found to assert allegations of fact, defendant Nissen denies those allegations.

137.    Denies the allegations set forth in paragraph "137" of the Amended Complaint.

138.    Denies the allegations set forth in paragraph "138" of the Amended Complaint.

139.    Paragraph "139" of the Amended Complaint consists solely of legal conclusions to which no response is necessary.  In the event that this paragraph is found to assert allegations of fact, defendant Nissen denies those allegations.

140.    Denies the allegations set forth in paragraph "140" of the Amended Complaint.

141.    In response to paragraph "141" of the Amended Complaint, defendant Nissen repeats and re-alleges his responses to paragraphs "1," through "140," of the Amended Complaint as if fully set forth here.

142.    Paragraph "142" of the Amended Complaint consists solely of legal conclusions to which no response is necessary.  In the event that this paragraph is found to assert allegations of fact, defendant Nissen denies those allegations.

143. Denies the allegations set forth in paragraph "143" of the Amended Complaint.

144. In response to paragraph "144" of the Amended Complaint, defendant Nissen repeats and re-alleges his responses to paragraphs "1," through "143," of the Amended Complaint as if fully set forth here.

145. Paragraph "145" of the Amended Complaint consists solely of legal conclusions to which no response is necessary. In the event that this paragraph is found to assert allegations of fact, defendant Nissen denies those allegations.

146. Denies the allegations set forth in paragraph "146" of the Amended Complaint.

147. In response to paragraph "147" of the Amended Complaint, defendant Nissen repeats and re-alleges his responses to paragraphs "1," through "146," of the Amended Complaint as if fully set forth here.

148. Paragraph "148" of the Amended Complaint consists solely of legal conclusions to which no response is necessary. In the event that this paragraph is found to assert allegations of fact, defendant Nissen denies those allegations.

149. Denies the allegations set forth in paragraph "149" of the Amended Complaint.

150. Denies the allegations set forth in paragraph "150" of the Amended Complaint.

151. Denies the allegations set forth in paragraph "151" of the Amended Complaint.

152.    Denies the allegations set forth in paragraph "152" of the Amended Complaint.

153.    Denies the allegations set forth in paragraph "153" of the Amended Complaint.

154.    Paragraph "154" of the Amended Complaint consists solely of legal conclusions to which no response is necessary.  In the event that this paragraph is found to assert allegations of fact, defendant Nissen denies those allegations.

155.    Denies the allegations set forth in paragraph "155" of the Amended Complaint.

156.    Denies the allegations set forth in paragraph "156" of the Amended Complaint.

157.    Paragraph "157" of the Amended Complaint consists solely of legal conclusions to which no response is necessary.  In the event that this paragraph is found to assert allegations of fact, defendant Nissen denies those allegations.

**FOR A FIRST DEFENSE:**

158.    The Amended Complaint fails to state a claim upon which relief can be granted.

**FOR A SECOND DEFENSE:**

159.    This Court may lack jurisdiction over some or all of plaintiff's claims.

**FOR A THIRD DEFENSE:**

160.    The Amended Complaint is barred, in whole or in part, by the doctrines of claim preclusion, issue preclusion, *res judicata*, collateral estoppel, judicial estoppel or any combination of these doctrines.

**FOR A FOURTH DEFENSE:**

161.    The individual defendants are protected from suit by the doctrines of absolute immunity, qualified immunity, common law immunity, or any combination of these doctrines.

**FOR A FIFTH DEFENSE**

162.    The Amended Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

**FOR A SIXTH DEFENSE**

163.    Upon information and belief, plaintiff failed, in whole or in part, to mitigate damages.

**FOR A SEVENTH DEFENSE**

164.    The Amended Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

**FOR AN EIGHTH DEFENSE**

165.    The Amended Complaint is barred, in whole or in part, by the applicable statute of limitations.

**FOR A NINTH DEFENSE**

166.    Individual defendants are not subject to suit under the Age Discrimination in Employment Act and, thus, these claims must be dismissed as against any individually named defendant.

**FOR A TENTH DEFENSE**

167.    The Amended Complaint is barred, in whole or in part, by the doctrines of election of remedies, mutually exclusive remedies, or any combination of these doctrines.

**WHEREFORE,** defendant Nissen respectfully requests judgment dismissing the Amended Complaint in its entirety and denying all relief requested therein, that judgment be entered for defendant Nissen, and that defendant Nissen be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:         New York, New York
               July 11, 2008

**MICHAEL A. CARDOZO**
Corporation Counsel of the
   City of New York
Attorney for Defendant Nissen
100 Church Street, Room 2-184
New York, New York 10007-2601
(212) 788-8688
imendez@law.nyc.gov

By:    **ECF**:                 /s/
                       Ivan A. Mendez, Jr.
                   Assistant Corporation Counsel

TO:    **JAMES R. SANDNER**
       Attorney for Plaintiff
       (By ECF & Regular Mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOY HOCHSTADT,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EMMENDED COMPLAINT`

EDUCATION, <u>et al.</u>,

Defendants.

**ROBERT NISSEN'S ANSWER TO THE
AMENDED COMPLAINT`**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendant Nissen
100 Church Street, Room 2-184
New York, N.Y. 10007-2601

Of Counsel:   Ivan A. Mendez, Jr.
Tel:        (212) 788-8688

Matter No.: 2008-013245

*Due and timely service is hereby admitted.*

*Dated:* New York, N.Y.  ......................................., 2008

Signed:  ...........................................................................

Attorney for....................................................................