UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

JOY HOCHSTADT,

                                        Plaintiff,

        -against-

NEW    YORK    CITY    DEPARTMENT    OF
EDUCATION, f/k/a BOARD OF EDUCATION OF
THE CITY SCHOOL DISTRICT OF THE CITY OF
NEW YORK; and JOEL I. KLEIN, as Chancellor of
the CITY SCHOOL DISTRICT OF THE CITY OF
NEW YORK; Dr. ELOISE MESSINEO, Individually
and in her official capacity as Principal of Louis D.
Brandeis    High    School;    RICHARD    WEISS,
Individually and in his official capacity as Assistant
Principal of Louis D. Brandeis High School; ROBERT
NISSEN, Individually and in his official capacity as
Assistant Principal of Louis D. Brandeis High School;
and DONNA LOPICCOLO, Individually and in her
official capacity as Assistant Principal of Louis D.
Brandeis High School,

                                        Defendants.

---------------------------------------------------------- X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 9-5-08

**STIPULATION AND
PROTECTIVE ORDER**

08 Civ. 2420 (LTS)(HBP)

        **WHEREAS,** plaintiff in the above-captioned action ("plaintiff") has sought

certain documents from defendants in discovery in this action, documents which defendants

deem confidential, and

        **WHEREAS,** defendants object to the production of those documents unless

appropriate protection for their confidentiality is assured,

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by

and between the parties as represented below, as follows:

        1. As used herein, "Confidential Materials" shall mean all documents and

testimony relating to:

a.    personnel or former personnel of the City of New York ("City") or the Board of Education of the City School District of the City of New York ("DOE"), and other persons who are not plaintiffs in this action, including, but not limited to, personal information, including but not limited home address, telephone numbers, social security numbers; personnel files including the information contained therein including, but not limited to, information regarding salary, promotions, discipline and evaluations;

b.    Equal Employment Opportunity related materials, including but not limited to, complaints, race self-identification information, Equal Employment Opportunity Office files and the information contained therein;

c.    copies of any documents containing information about the discipline of any personnel or former personnel of the City of New York or the DOE who are not plaintiffs in this action, including, but not limited to, copies of investigation files, disciplinary files, Administrative Trials Unit files;

d.    medical records, psychological or psychiatric records, counseling or treatment records, early intervention records;

e.    documents whose disclosure could adversely affect the safety or security of New York City law enforcement or emergency operations or personnel;

f.    proprietary information, trade secrets or other similar confidential information of the City of New York, the DOE and other entities who are not plaintiffs in this action;

g.    taxpayer identification numbers and social security numbers;

h.    any documents that the Parties agree are subject to this stipulation;

i.    any documents that the Court directs to be produced subject to this stipulation; or

j.    any deposition testimony which reveals the contents of materials produced subject to this order.

2. Neither plaintiff nor her attorney shall use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

3. Neither plaintiff nor her attorney shall disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

- 2 -

    a.     Disclosure before and during trial may be made only to the plaintiff, to an expert who has been retained or specially employed by plaintiff or her attorney in anticipation of litigation or preparation for this action, to a witness at deposition, to a prospective witness, or to the Court.

    b.     Before any disclosure is made to a person listed in subparagraph (a) above (other than to the Court or Court officials involved in this action), plaintiff or her attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of these cases and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff or her attorney. Within ten days of any disclosure, plaintiff or her attorney shall provide defendants' attorney a copy of the executed consent form annexed hereto as Exhibit A, along with a log of all person to whom the confidential information was disclosed, identifying also the confidential information disclosed.[1] The disclosing attorney shall also certify that a good faith basis for the disclosure exists.

    4.   Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page

---

[1] This does not apply to prospective witnesses. In the instance where Confidential Material is shown to a prospective witness, the signed consent form will be provided to defendants' attorney at the conclusion of this action.

prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be

Confidential Materials within the meaning of this Stipulation and Protective Order.

    5. If any paper which incorporates any Confidential Materials or reveals the

contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court

enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the

contents, and the following legend:

### CONFIDENTIAL

> This envelope contains documents or information
> designated confidential pursuant to an order entered
> by the United States District Court for the Southern
> District of New York in the above-captioned action.
> This envelope shall not be opened or unsealed
> without the express direction of a judge of this
> Court, and its contents shall not be displayed or
> revealed except as the Court may order.  This
> envelope and its contents shall at all times be
> maintained separate and apart from the publicly
> available files of this case.

    6. The procedure outlined in paragraph "5" above may be substituted for the

redaction of any personal identifying information to the extent that it is practicable.

    7. Within 30 days after the termination of this case, including any appeals, the

Confidential Materials, including all copies, notes, and other materials containing or referring to

information derived there from, shall be returned to defendants' attorneys or, upon their consent,

destroyed, and all persons who possessed such materials shall verify their return or destruction

by affidavit furnished to defendants' attorneys.

8. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated:    New York, New York
             August 5, 2008

**JAMES R. SANDNER**
Attorney for Plaintiff
52 Broadway, 9th Floor
New York, New York 10004
(212) 533-6300
wstar@nysutmail.org

**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-184
New York, New York 10007-2601
(212) 788-8688
imendez@law.nyc.gov

By: _____
         Wendy M. Star
          Of Counsel

By: _____
         Ivan A. Mendez, Jr.
       Assistant Corporation Counsel

**SO ORDERED:**

_____
     9-5-08
      Date

_____
          U.S.M.J.

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on _____, 2008, in the action entitled, Hochstadt v. New York City Department of Education, et al., Civil Action No.: 08 Civ. 2420 (LTS)(HBP), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

DATED: _____, 200___

_____
SIGNATURE

_____
Print Name

_____
Occupation

STATE OF _____, COUNTY OF _____ SS.:

On _____, 200__, before me personally came _____, to me known, and known, and duly acknowledged to me that he/she executed this document.

08 Civ. 2420 (LTS)(HBP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOY HOCHSTADT,

                                        Plaintiff,

        -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

                                        Defendants.

---

STIPULATION AND PROTECTIVE ORDER

---

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-184
New York, N.Y. 10007-2601

Of Counsel:    Ivan A. Mendez, Jr.
Tel:           (212) 788-8688

Matter No.: 2008-013245

---

*Due and timely service is hereby admitted*

Dated: New York, N.Y. ...................................., 2008

Signed: ...............................................

Attorney for ...........................................